GEORGE S. HOLLISTER *v.* ROBERT L. ARMSTRONG, late Sheriff.

In the authentication of the copy of a deed for a farm in another State, under the act of Congress, the certificate of the presiding judge of the county subscribed to that of the clerk of the county who furnishes the copy with his seal of office affixed to it, should state unequivocally, in effect at least, that the certificate of such clerk is in due form and by the proper officer, as required by the words of the act; and therefore his statement merely that the copy is duly and properly authenticated in due form of law is not sufficient to make it evidence under the act.

ACTION of replevin for the furniture of a hotel. The defense was a plea of property in the alleged firm of Deal & Horner, who had rented the hotel and purchased the furniture on credit of Mrs. Ann Jefferson, and had left the State without paying her for it, and a foreign attachment laid upon it at her suit by the defendant. The plaintiff claimed to be the rightful owner of it by a *bona fide* purchase of it and a lease of the hotel before they left the State and the issuing of the attachment, from Horner who had previously bought out the interest of Deal, his partner, in the lease and furniture; and the consideration alleged to have been paid for it by him was the sale and conveyance of a farm in Delaware County, in the State of New York, to Horner, and which he accepted in full payment for the lease and furniture; and a certified copy of the deed from that State and county was offered in evidence to prove the sale and conveyance of the farm to him by the plaintiff.

*Gray,* for the defendant: Objected, because it had not been

authenticated in conformity with the act of Congress.    The certificate of the presiding judge of that county, which is appended to it and which follows that of the clerk of the county, as he signs himself, and who furnished the copy from the original record of the deed there, omits to state that the foregoing certificate of the clerk was in due form and by the proper officer, or anything to that effect.    In the authentication of a copy of a deed from one State to another this was a matter of substance and an essential requirement of the act of Congress.

*Bradford* (*Spruance* with him), for the plaintiff: There is nothing in the act of Congress which requires that the certificate of the presiding judge should so state in *ipsissimis verbis,* but a statement in any terms equivalent to it is sufficient, such as, for instance, that the certificate of the clerk furnishing it was in due form of law, and which would, of course, import in such a case, in due form as required by the act of Congress.    The identical words in the certificate of the judge to that effect, as we contend, are that the copy of the deed as here certified by the clerk of the county " is duly and properly authenticated in due form of law," and although this court may not positively know any of the powers, duties, or functions of the clerk of a county, and of Delaware County in particular, in the State of New York, will it not assume from this statement of the presiding judge of that county that the copy of the deed in question and certified by the clerk of the county is duly and properly authenticated in due form of law, as a matter of reasonable judicial inference merely in such a case, that he was as such county clerk the proper and lawful keeper and custodian for the time being of the original record of it in that county ?    *Reagan* v. *McCormick,* 4 *Harr.* 435 ; *Taylor* v. *Carpenter,* 2 *Wood and Minn.* 1.

*Gray :* The words of the act of Congress and the requirement are that the presiding judge shall certify that the copy " is in due form and by the proper officer," but the certificate of the presiding judge in this case complies with the first branch of the requirement, that is to say, that it is properly authenticated in

due form of law ; but the second branch of the requirement is equally important, substantial, and indispensable, and even more so, for it goes beyond matter of form merely, and that is, that it was also by the proper officer.

*The Court:* The copy of such an indenture or record in another State can only be given in evidence in our courts as an exemplified copy of the original under the act of Congress.    In this case the certificate of the clerk of the county was drawn, as it should have been, according to the usual form followed in that State, for the act of Congress does not prescribe any form for such a certificate, but it does prescribe in express terms, and we think imperatively requires, that the certificate of the presiding justice of the county afterward to be affixed to it, should state in addition to its being in due form that the certificate of the clerk was by the proper officer, we will not say in so many identical words, but to that effect unequivocally and without any doubt or uncertainty as to the meaning and sufficiency of the terms employed for that purpose.    If his statement had been either in terms or in effect certainly that it was in due form and by the proper officer, which are the words of the act, they would have necessarily imported in this case that the clerk of the county who furnished the copy and affixed his seal of office to it was the lawful keeper of the original and public record of the deed in question, for the act of Congress expressly provides that the lawful keeper of such a record or office paper shall be the proper officer to furnish the copy, append in the first place his official certificate and affix the seal of his office to it, and that then the presiding judge shall add his certificate that the preceding or first certificate is in due form and by the proper officer, or, in other words, by the lawful keeper and custodian of the original record.    This is not stated nor necessarily implied, we think, in the certificate of the presiding judge in the authentication of the deed in this case, and we must, therefore, exclude it.    There is a marked difference in the provisions of the acts in relation to the authentication of a deed or an office paper like this, and of a judgment or decree or proceeding of a court of record in another State, the latter containing no such requirement as the former in this respect.

The case afterward went to the jury, and after a charge on the facts proved the plaintiff had a verdict.

*Cooper*, *J. B. Rodney*, and *Gray*, for the plaintiff.

*Bradford* and *Spruance*, for the defendant.

